SYLVESTER TRIMMER, Respondent, *v.* ZACHARIAH TRIMMER, Appellant.

(Argued June 28, 1882 ; decided December 12, 1882.)

THIS action was brought by plaintiff, as assignee of the grantor, to recover a balance alleged to be unpaid of the pur-

chase-price of a parcel of land conveyed to defendant by his father. The opinion, after discussing the evidence and holding it sufficient to sustain the findings, continues thus :

" The defendant excepted to a ruling of the referee, striking out certain testimony of the defendant as to conversations with his father, who was deceased. The plaintiff had testified to a conversation in 1871, between defendant and the deceased, on a particular occasion, and at a specified place. No point is now made as to the admissibility of this conversation. The defendant afterward took the stand and was interrogated as to the conversation, which he denied, and also as to other conversations and transactions between himself and his father on occasions other than that as to which the plaintiff had testified. This was objected to as not permissible under section 829 of the Code. The referee received the evidence and directed an argument to be had, subsequently, as to the admissibility thereof. No exception was taken to this course, and the argument was afterward made by consent, and before the close of the evidence in the case the referee made his decision, in which he held that the defendant was competent to testify as to any personal transaction or communication as to which the plaintiff had testified, but was not competent to testify as to any personal transaction or communication with the deceased, as to which the plaintiff had not testified, or as to which the testimony of the deceased had not been given in evidence. The referee, therefore, on motion, struck out the testimony of the defendant so far as it was incompetent under these rulings. In this we see no error. No exception was taken by the defendant to the reservation of the question till the close of the evidence, and it did not lie with him to object, for it gave him the benefit, if any there was, of having his testimony heard before any ruling was made upon it. The plaintiff made his objection to the evidence in due time, and both parties seem to have acquiesced in reserving the decision as to its admissibility.

" The only other exception which we think requires notice is that taken to the proof of the testimony given by Beebe, since deceased, on a former trial of this action. This proof was made by Mr. Terry, one of the attorneys who took part in the

former trial before a referee, who is referred to in the testimony as deceased. Mr. Terry testified that the referee took minutes of the trial and the witness then had those minutes in his hands. That witness heard the testimony of Beebe, and, although he could not recall the exact language he used, he remembered the general topics as to which Beebe testified, and the subject of some of the evidence.

"The witness being then asked to state the substance of that evidence, it was objected to on the ground that the witness was incompetent and did not show himself qualified to state the substance of the former evidence. This objection was overruled and an exception taken, and the witness then proceeded to narrate the substance of the testimony of Beebe on his direct and cross-examination.

"Mr. Terry, being cross-examined, testified that he had read the referee's minutes and the printed case, and had helped to settle the case, and was perfectly familiar with the whole of it, and that he recollected as a distinct fact what he had sworn to after refreshing his recollection by reading the case, but he could not say whether he could have remembered what he had sworn to without thus refreshing his recollection, except that he did recollect what Beebe swore on the subject.

"The defendant's counsel then moved to strike out the testimony of Mr. Terry, on the ground that he did not pretend to remember what Beebe swore to, aside from reading the printed case.

"This objection was not well founded in fact. The witness did undertake to speak from his memory as refreshed. The only other objection made was that the witness did not show himself qualified to state the substance of the testimony. The facts do not support this objection. The objection urged on this appeal that the minutes properly verified was the only proper evidence, was not taken at the trial, nor could it well be taken, the party who took the minutes being deceased.·

"The judgment should be affirmed."

*Samuel Hand* for appellant.

*George E. Ripson* for respondent.

RAPALLO, J., reads for affirmance.
All concur, except TRACY, J., absent.
Judgment affirmed.